LAWRENCE R. MATTO *v.* DERMATOPATHOLOGY
ASSOCIATES OF NEW YORK
(AC 18455)

Hennessy, Sullivan and Daly, Js.

Submitted on briefs June 3—officially released November 2, 1999

*Lawrence R. Matto,* pro se, the appellant (plaintiff),
filed a brief.

*James S. Newfield* filed a brief for the appellee
(defendant).

*Opinion*

DALY, J. The pro se plaintiff, Lawrence R. Matto,[1] appeals from the judgment of the trial court granting the motion of the defendant, Dermatopathology Associates of New York, to dismiss for lack of personal jurisdiction. On appeal, the plaintiff claims that the court improperly (1) excluded an affidavit as hearsay, (2) excluded deposition testimony of the plaintiff's expert, (3) scheduled the jurisdictional hearing and (4) concluded that the defendant's conduct did not establish sufficient minimum contacts within the state to warrant the exercise of personal jurisdiction. We affirm the judgment of the trial court.

The trial court reasonably could have found the following facts. The plaintiff commenced the underlying medical malpractice action in the Connecticut Superior Court against Dermatopathology Associates of New York, P.C., in June, 1995, alleging that the defendant association[2] was negligent and committed malpractice in interpreting skin pathology biopsies sent to it by Joel Singer, a Connecticut plastic surgeon.

On July 27, 1995, the defendant moved to dismiss the action for lack of personal jurisdiction, claiming that it did not have sufficient minimum contacts with Connecticut for the court to exercise jurisdiction[3] pursuant to

[1] The plaintiff has appeared pro se at all times and in all proceedings mentioned.

[2] In July, 1995, the plaintiff amended his complaint to provide a more proper description of the defendant as an association rather than a professional corporation at the time that it interpreted the plaintiff's biopsies.

[3] In support of its motion to dismiss, the defendant presented the affidavit of Alan Halperin, a principal of the defendant, which detailed that the defendant (1) did not have a business office in Connecticut, (2) did not have any employees who maintained a business office in Connecticut, (3) did not advertise in Connecticut, (4) did not suggest, recommend or request that Singer refer the plaintiff's tissue samples to it and (5) did not solicit business from Connecticut physicians, and which stated that Halperin was not licensed to practice medicine in Connecticut. The defendant also presented affidavits from the physicians who allegedly misinterpreted the plaintiff's pathology slides. These affidavits detailed that neither physician (1)

General Statutes § 52-59b.[4] In a decision filed September 28, 1995, the court, *Ballen, J.*, reserved decision on the defendant's motion until the plaintiff had an opportunity to conduct limited discovery concerning the issue of personal jurisdiction. The court also ordered a hearing with respect to the issue pursuant to *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 459 A.2d 503 (1983), and permitted the defendant to reclaim its motion for argument at such hearing.

Following the completion of jurisdictional discovery in April, 1996, the defendant sought to have the court schedule a *Standard Tallow Corp.* hearing or, alternatively, hear the defendant's motion to dismiss. In December, 1997, at the court's suggestion, the defendant filed another motion to dismiss in an effort to obtain a hearing concerning the jurisdictional issue. On March 2, 1998, the court heard the defendant's motion to dismiss and scheduled a *Standard Tallow Corp.* hearing for April 6, 1998. The plaintiff did not object to the date of the scheduled hearing, nor did he assert that there

was licensed to practice medicine in Connecticut, (2) rendered any treatment to the plaintiff in Connecticut, (3) met with the plaintiff or traveled to Connecticut to speak with anyone concerning his treatment, (4) maintained an office or advertised in Connecticut or (5) requested, recommended or suggested that the tissue samples be sent to them by Singer.

[4] General Statutes § 52-59b (a) provides: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state."

was an insufficient amount of time to prepare for the hearing. Indeed, at the April 6 hearing, when asked by the court if he was ready to proceed, the plaintiff replied that he was ready.

At the *Standard Tallow Corp.* hearing, the plaintiff did not call any witnesses, and the court admitted into evidence, without objection, four documents proffered by the plaintiff.[5] The plaintiff also sought to introduce two other documents that were not admitted. Specifically, the plaintiff sought to introduce an affidavit of Leon Luck, a Connecticut physician, which was prepared solely for the hearing and purportedly listed the number of biopsies that were sent to the defendant from 1987 to 1997 by Dermatopathology Associates, P.C., of Westport.[6] The court sustained the defendant's hearsay objection, and the plaintiff did not raise the issue of whether any exceptions to the hearsay rule were applicable.

The plaintiff also sought to introduce the deposition testimony of Milton Okun, a physician, which was taken in another action and was critical of the treatment provided to the plaintiff by the defendant in this case. The court ruled that the evidence was irrelevant to the issue of personal jurisdiction and excluded the testimony. After the plaintiff presented his evidence, the court heard argument on the defendant's motion to dismiss. The court rendered its decision on May 7, 1998, granting the motion and holding that the defendant's conduct "[was] such that . . . § 52-59b [did] not authorize the

---

[5] The documents were (1) a portion of the defendant's responses to interrogatories in which it stated that ten Connecticut physicians had referred biopsies to it in 1991, (2) a bill for tissue analysis totaling $200 that the defendant sent to the plaintiff, (3) a patient-insurer subscriber form regarding the tissue analysis conducted by the defendant and (4) the plaintiff's check in the amount of $200, which was made payable to and deposited by the defendant.

[6] Dermatopathology Associates, P.C., of Westport is not associated with the defendant in this action.

exercise of personal jurisdiction over [the defendant] because [it] did not have sufficient minimum contacts within the state of Connecticut." This appeal followed.

I

The plaintiff first claims that the trial court improperly excluded Luck's affidavit as hearsay. We decline to review this claim.

"This court will not review issues of law that are raised for the first time on appeal. . . . We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . Claims that were not distinctly raised at trial are not reviewable on appeal." (Citations omitted; internal quotation marks omitted.) *State* v. *Beliveau*, 52 Conn. App. 475, 479, 727 A.2d 737, cert. denied, 249 Conn. 920, 733 A.2d 235 (1999).

Our review of the record, transcript and briefs reveals that the plaintiff failed to raise distinctly at trial the exceptions to the hearsay rule that he now presents on appeal as grounds for admission of the affidavit. The plaintiff merely stated that he objected to the court's exclusion of the affidavit.

Moreover, the plaintiff has failed to present this claim properly for appellate review as required by Practice Book § 67-4 (d) (3), formerly § 4064 (d) (3).[7] "It has long been our strong policy that if evidentiary rulings claimed to be improper are to be reviewed by this court, they must be set forth in the briefs as required and

[7] Practice Book § 67-4 (d) (3), formerly § 4064C (d) (3), provides: "When error is claimed in any evidentiary ruling in a court or jury case, the brief or appendix shall include a verbatim statement of the following: the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer if any; and the ruling."

outlined by the rules of practice." *State* v. *Bagley*, 35 Conn. App. 138, 145, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994). A party's "mere assertion in [its] brief that the evidence was improperly excluded, coupled with transcript page references, will not be sufficient . . . ." (Internal quotation marks omitted.) *State* v. *Morrill*, 42 Conn. App. 669, 682, 681 A.2d 369 (1996). Such is the case here. Consequently, the plaintiff has not properly preserved or presented this claim for appeal, and we therefore decline to review it.

II

The plaintiff next claims that the trial court improperly excluded the deposition testimony of the plaintiff's expert. We decline to review this claim.

As we stated in part I of this opinion, we will not review issues of law that are raised for the first time on appeal or consider claimed errors on the part of the trial court that were not distinctly raised at trial. *State* v. *Beliveau*, supra, 52 Conn. App. 479. Our review of the record, transcript and briefs reveals that the plaintiff failed to raise distinctly at trial, as he now does on appeal, the claim that the testimony was relevant and that it was admissible as former testimony. Consequently, we therefore decline to review his claim.

Assuming arguendo, that this claim was distinctly raised at the hearing, we would still conclude that the court properly excluded the deposition testimony. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse

of discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Berger*, 249 Conn. 218, 229, 733 A.2d 156 (1999).

"Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue." (Internal quotation marks omitted.) *State* v. *Cepeda*, 51 Conn. App. 409, 418, 723 A.2d 331, cert. denied, 248 Conn. 912, 732 A.2d 180 (1999). The court has the right and duty to exclude irrelevant evidence. *State* v. *Pettway*, 39 Conn. App. 63, 73–74, 664 A.2d 1125, cert. denied, 235 Conn. 921, 665 A.2d 908 (1995). In the present case, the plaintiff claims on appeal that the deposition testimony of Okun, which was taken during another action involving different parties than in the present case and was critical of the treatment provided to the plaintiff by the defendant, was relevant to whether the defendant had sufficient contacts with the state of Connecticut to justify the exercise over it of personal jurisdiction. We conclude that such evidence, which merely criticized the treatment provided to the plaintiff, is irrelevant to the issue of personal jurisdiction and that the court, in excluding the testimony, did not abuse its discretion.

The plaintiff contends that the deposition testimony was admissible pursuant to the former testimony exception to the hearsay rule under General Statutes § 52-159.[8] This exception is inapplicable, however, because the defendant was not a party to the previous action in which the deposition testimony was taken. See footnote 8. Moreover, our review of the record does not reveal any evidence that Okun was unavailable to testify in the present action. We conclude, therefore, that the

---

[8] General Statutes § 52-159 provides in relevant part: "The testimony of any witness, taken by deposition, in any civil action may be used in another civil action between the same parties, or their executors or administrators, and upon the same cause of action, to the same extent and as fully as though originally taken for use in such cause. . . ."

court properly exercised its broad discretion in excluding the deposition testimony.

### III

The plaintiff next claims that the trial court abused its discretion by scheduling the jurisdictional hearing. We decline to review this claim.

As we stated in parts I and II of this opinion, we will not consider claimed errors that were not distinctly raised at trial. *State* v. *Beliveau,* supra, 52 Conn. App. 479. Our review of the record, transcript and briefs reveals that the plaintiff failed to raise distinctly at trial, as he now does on appeal, the issue concerning the scheduling of the jurisdictional hearing. Indeed, the plaintiff did not object to the April 6, 1998 hearing date when it was set on March 2, 1998, nor did the plaintiff object when he appeared on April 6 for the jurisdictional hearing and was specifically asked by the court if he was ready to proceed. The plaintiff responded to the court's inquiry by stating, "I'm ready to proceed . . . . So the affidavits were rejected and the evidentiary hearing is now at hand, and I'm ready to go forward." Consequently, we decline to review the plaintiff's claim because we conclude that he has not properly preserved it for appeal.

### IV

The plaintiff claims finally that the trial court improperly concluded that the defendant's conduct was such that § 52-59b did not authorize the exercise of personal jurisdiction because the defendant lacked sufficient minimum contacts with Connecticut to warrant the exercise of personal jurisdiction. We do not agree.

"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first 'decide whether the

applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.' " *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 606, 674 A.2d 426 (1996). The burden is on the plaintiff to present evidence that will establish jurisdiction. *Standard Tallow Corp.* v. *Jowdy*, supra, 190 Conn. 54.

Our review of the record reveals that the court conducted such an inquiry in reaching its decision and properly concluded that the defendant's contacts with Connecticut did not satisfy the requirements of § 52-59b, making the due process component of the inquiry unnecessary. The court concluded that the defendant's conduct, set forth in the affidavits submitted on behalf of the defendant; see footnote 3; clearly showed that the defendant did not satisfy the requirements of § 52-59b (a) (3) (A) or (B).

The relevant portion of § 52-59b provides that jurisdiction may be exercised over a nonresident who "(3) commits a tortious act outside the state causing injury . . . within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ."

The plaintiff has not sustained his burden of establishing the facts pertaining to personal jurisdiction over the defendant pursuant to § 52-59b. The plaintiff merely presented documents regarding (1) the cost to the plaintiff of the services provided by the defendant, (2) the tissue analysis conducted and (3) the number of Con-

necticut physicians (ten) who had sent samples to the defendant for analysis in 1991. See footnote 5. The defendant, however, contrasted that evidence with affidavits describing its lack of conduct in Connecticut.

The defendant's affidavits state: (1) it does not have offices in Connecticut; (2) it did not have any employees who maintained a business office in Connecticut; (3) it did not advertise in Connecticut; (4) it did not suggest, recommend or request that the plaintiff's tissue samples be referred to it; (5) it did not solicit business from Connecticut physicians; and (6) Alan Halperin, a principal of the defendant, was not licensed to practice medicine in Connecticut. The affidavits also state that none of the physicians who performed the analysis (1) is licensed to practice medicine in Connecticut, (2) rendered any treatment to the plaintiff in Connecticut, (3) met with the plaintiff or traveled to Connecticut to speak with anyone concerning his treatment, (4) maintained an office or advertised in Connecticut or (5) requested, recommended or suggested that the tissue samples be sent to them by Singer.

After reviewing the evidence, we agree with the trial court that the plaintiff has not met his burden to present evidence establishing jurisdiction; *Standard Tallow Corp.* v. *Jowdy,* supra, 190 Conn. 54; over the defendant pursuant to § 52-59b. Having concluded that the statutory requirements were not satisfied, we need not decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. *Knipple* v. *Viking Communications, Ltd.,* supra, 236 Conn. 606. Accordingly, we conclude that the court properly ruled that § 52-59b did not authorize the exercise of personal jurisdiction because the defendant did not have sufficient minimum contacts with Connecticut.

The judgment is affirmed.

In this opinion the other judges concurred.