[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Kevin Dang, The Express Services, Dane M. Shulman, Jodie Shulman and the Law Offices of Dane Shulman, have moved to dismiss this action on the ground that this court lacks personal jurisdiction. Specifically, the defendants argue that the plaintiff seeks damages for services performed in Massachusetts and that the defendants have no CT Page 2096 contacts with Connecticut; and, consequently, are not subject to jurisdiction under Connecticut's long arm statute or the due process clause of the fourteenth amendment to the United States constitution.
FACTS:
On July 25, 2000, Tom Pham (plaintiff) filed a complaint against defendants Kevin Dang, The Express Services, Dane and Jody Shulman, and the Law Office of Dane Shulman. In the first count of the complaint, the plaintiff alleges that: (1 )Dang and The Express Services advertised in Vietnamese newspapers published in Massachusetts and circulated in Connecticut and other states; (2) the plaintiff sought legal services from Dang, the owner of The Express Services, contacting him by telephone and meeting him in person in Massachusetts; and (3) Dang interfered with the plaintiff's constitutionally protected privacy rights.
In the second count of the complaint, the plaintiff alleges that the advertisements of Dang and The Express Services are purposed to target a particular race with the intent of defrauding them or with the intent or effect of interfering with the plaintiff's rights, privileges and immunities in violation of his right to equal protection of the laws.
In the third count of the complaint, the plaintiff alleges that all of the defendants have advertised and that such advertisements are false and misleading and in violation of CUTPA.
In the fourth count of the complaint, the plaintiff alleges that Dane and Jody Shulman and the Law Office of Dane Shulman interfered with the plaintiff's constitutionally protected rights because they knew of Dang's activities and failed to prevent him from conducting business in a manner that violated the Massachusetts Rules of Professional Conduct.
In the fifth count of the complaint, as to defendants Dane and Jody Shulman and the Law Office of Dane Shulman, the plaintiff incorporates the allegations of the second count regarding advertising and violation of the plaintiff's constitutional rights.
On August 21, 2000, the defendants filed a motion to dismiss the plaintiff's complaint on the ground that this court lacks personal jurisdiction. The motion was argued before this court on December 4, 2000.
DISCUSSION:
"The motion to dismiss shall be used to assert . . . lack of CT Page 2097 jurisdiction over the person. . . ." Practice Book § 10-31. "Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." Kim v. Magnotta, 249 Conn. 94, 102, 733 A.2d 809
(1999). "[A] plaintiff seeking to initiate an action in Connecticut bears the burden of proof on the issue of whether Connecticut courts may properly exercise personal jurisdiction over the defendant." PackerPlastics, Inc. v. Laundon, 214 Conn. 52, 55, 570 A.2d 687 (1990); see also Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983) ("if the defendant challenges the court's jurisdictions it is then incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts".)
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Matto v. Dermatopathology Associates of New York,55 Conn. App. 592, 599-600, 739 A.2d 1284 (1999).
The plaintiff invokes General Statutes § 52-59b(a)(3)(A) as the applicable long arm statute to be used in determining whether the court exercises personal jurisdiction over the defendants. It reads: "a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or over the executor or administrator of such nonresident individual or foreign partnership, who in person or through an agent. commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent . . . regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state. . . ." General Statutes § 52-59b(a)(3)(A).
In ascertaining whether § 52-59b(a)(3)(A) authorizes the assertion of jurisdiction over the defendants, the court must determine whether the plaintiff has sufficiently demonstrated that the defendants regularly do or solicit business or engage in a persistent course of conduct or derive substantial revenue from services rendered in the state of Connecticut. Here, the plaintiff offers as proof uncertified copies of newspaper advertisements, informally prepared translations, and copies of questionnaires sent to two of the newspapers in which the defendants CT Page 2098 advertised. Even if taken at face value, the only contact that the defendants had with Connecticut is that the defendants apparently purchased advertising in Boston-based newspapers which are distributed free of charge at some Connecticut sites.
Accordingly, the court finds that the plaintiff has failed to prove that the defendants regularly do or solicit business or engage in a persistent course of conduct or derive substantial revenue from services rendered in the state of Connecticut. Furthermore, none of the evidence proffered by the plaintiffs would be admissible at trial, particularly in its current form. Thus, the plaintiff fails to meet the burden of showing § 52-59b(a)(3)(A) authorizes the assertion of jurisdiction over the defendants.
The second inquiry to be made by the court is whether the exercise of jurisdiction in this case violates constitutional principles of due process. "[A]ll assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe . . . and its progeny. . . .Those standards . . . require that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted; citations omitted.) Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 51-52. "Whether sufficient minimum contacts exist for a court to have jurisdiction is clearly dependent on the facts of each particular case. Like any standard that requires a determination of reasonableness, the minimum contacts test of International Shoe is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present. (Internal quotation marks omitted.) Id., 52.
The due process issue is well-addressed in World Wide Volkswagen Corp.v. Woodson, 444 U.S. 286 (1980). There, the plaintiffs purchased an automobile in the state of New York and, a year later, motored to Arizona. En-route, they were involved in an accident in the state of Oklahoma and three of the four occupants of the automobile were badly burned. They subsequently commenced a products liability action against, inter alia, both the retailer and regional distributor of the automobile. No evidence was presented that the retailer or regional distributor ever did any business in Oklahoma or "purchased advertisements in any media calculated to reach Oklahoma." Id., 289. Holding that the Oklahoma court did not have personal jurisdiction over the retailer and distributor, the Court reasoned that the only consideration was not whether it was foreseeable that the automobile CT Page 2099 would enter the forum state and cause injury there, but also whether the petitioners' contacts with the forum state were "such that [they] should reasonably anticipate being haled into court there." Id., 297.
In the present case, the defendants advertised in Boston-based newspapers. In one advertisement, they claim that they assisted compatriots in Massachusetts and neighboring states. The plaintiffs also furnished two newspapers, the Thang Long News and the Asian Times, with a questionnaire in order to determine whether their newspapers were circulated or distributed outside the state of Massachusetts and, in particular, Connecticut. The questionnaires were completed by persons whose status within the newspaper organizations is unknown, however, both persons responded that the newspapers had minimum circulations or distributions in Connecticut.
Again, there is some question as to the admissibility of the evidence supplied by the plaintiffs. Nonetheless, the copies of newspapers and translations and questionnaires filled out by persons unknown are simply not sufficient to prove that the defendants had minimum contacts with the state of Connecticut such that this court may find that the principles of due process and substantial justice are not violated by the exercise of jurisdiction.
CONCLUSION:
For all of the foregoing reasons, the defendants' to dismiss is granted.
Matasavage, J.