[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These are negligence actions brought by the plaintiffs, Robert and Virginia Pitruzzello and Louis and Marie Palizza, against Anthony Muro (Muro), an insurance seller, claiming, in essence, that as a result of receiving faulty advice from the defendant they made certain investments from which they sustained financial losses. By pleading dated March 5, 2001, Muro filed a twelve count third party complaint against Premier Marketing Corporation, World Vision Entertainment, Inc., Global Insurance Company, and Pensco Pension Services ("Pensco") seeking indemnification for any liability he may have to the plaintiffs. Pensco has moved to dismiss the third party complaint on the grounds that the court lacks in personam jurisdiction. Pensco claims that it is not a Connecticut corporation and that the allegations of the third party complaint form an insufficient basis for a finding that Pensco has conducted business in Connecticut. Therefore, Pensco asserts, it is not subject to the court's jurisdiction.
Counts Ten, Eleven, and Twelve of the third party complaint pertain to Pensco. The three counts directed against Pensco are claims of negligence, fraud, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The counts against Pensco incorporate paragraphs in earlier counts which include the assertion that Pensco maintained a place of business in San Francisco, California and conducted business in Connecticut and that Pensco was the administrator of certain promissory note investments made by the plaintiffs. Also, as to language incorporated from earlier counts into the counts against Pensco, Muro alleges that the third-party defendants conspired in an elaborate scheme to sell worthless promissory notes as investments. Although this allegation is not specifically directed against Pensco, for purposes of this motion the court considers it a claim against Pensco.
In Count Ten, Muro alleges that Pensco had a duty of care to the plaintiffs and himself to provide accurate information regarding the investment scheme and not to participate in an investment scheme it knew, or should have known, was worthless. In this count Muro claims, inter alia, that Pensco breached its duty by representing that the notes were insured when it knew, or should have known, that they were uninsured and a part of a fraudulent investment scheme, that it provided false CT Page 11809 information and made false representations regarding the investment, and that it failed to ensure that the entities involved in the promissory note investment scheme were capable of acting in a financially responsible manner. Count Eleven is a fraud claim. It contains much of the same language as Count Ten with the additional claim that Pensco made false representations regarding the investment in order to induce Muro and his customers such as the plaintiffs to invest in the fraudulent scheme. Other than through language imported from earlier counts, neither Count Ten nor Count Eleven contains any allegations that Pensco conducted business in Connecticut. Count Twelve is a CUTPA claim. This count contains a conclusory allegation that Pensco has been engaged in the trade or commerce of advertising, promoting, and administering the sale of products and services in Connecticut.
Pensco has moved to dismiss the complaint on the basis that its allegations are insufficient to bring Pensco before the court and because Pensco is not subject to personal jurisdiction in Connecticut as a matter of law. A motion to dismiss is the proper vehicle to attack the court's in personam jurisdiction. Practice Book § 10-31. "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process." (Internal citations omitted) Matto v. Dermatopathology Associates of NewYork, 55 Conn. App. 592, 599 (1999). In this matter, there is no dispute that Pensco is a foreign corporation. Connecticut General Statutes §33-929, pertaining to service of process on a foreign corporation, states in pertinent part:
 "(f) Every foreign corporation shall be subject to suit in this state... whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the CT Page 11810 reasonable expectation that such goods are to be used or consumed in the state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Olson v. Accessory Controls Equipment Corp.,54 Conn. App. 506 (1999), 515. In considering a motion to dismiss, it is proper for the court to consider not only the pleadings but supporting affidavits as well. Id. P.B. § 10-30.
In support of its motion to dismiss, Pensco has submitted an affidavit by Tom W. Anderson, President and CEO of Pensco. In his affidavit, Anderson states that Pensco is a California corporation with a principal place of business in San Francisco and that Pensco has neither offices nor employees in Connecticut. He states that Pensco does not offer pension advice, but that it engages exclusively in the business of providing custodial services for self-directed retirement accounts (IRAs), through which investors, either on their own or with the assistance of investment advisors, make investment determinations. His affidavit further states that Pensco does not advertise or solicit business in Connecticut. Anderson states that the plaintiffs submitted written proposals to Pensco for it to serve as custodian of their IRAs and, in response, Pensco agreed to provide such services. In support of his claims regarding the plaintiffs, Anderson has submitted copies of the Pitruzzello and Palizza applications and Pensco's acknowledgments of them.
In response to Pensco's motion, Muro claims that the jurisdictional requirements of C.G.S. § 33-929 (f) have been met because Pensco committed tortious conduct upon Connecticut residents through business transacted in Connecticut. Additionally, Muro claims that Pensco repeatedly transacted business in this state. In support of his claims, Muro submitted an affidavit in which he asserts that in June of 1998, Pensco solicited business through the mail from him and from his clients residing in Connecticut and that, also in June of 1998, Pensco forwarded a packet of materials to him regarding IRA accounts. Muro further alleges that upon receipt of the Pensco packets, the Pitruzzellos, the Palizzas CT Page 11811 and other clients executed applications in Connecticut for IRA accounts to be administered by Pensco. Thereafter, Muro avers, Pensco sent quarterly reports to him and to his clients whose IRA accounts were being administered by Pensco. Included with the quarterly reports were Pensco newsletters which tout the quality of Pensco services. Muro has made no claim or provided any factual support for a finding that any of the cited materials sent by Pensco to the plaintiffs in Connecticut were untruthful or misleading. In order to form a basis for personal jurisdiction, there must some connection between Pensco's alleged acts in Connecticut and the underlying claims of the case. cf. Lombard Bros. v. General AssetManagement Co., 190 Conn. 245 (1983).
Neither the third party complaint's conclusory statements nor the documents submitted in opposition to Pensco's motion to dismiss support Muro's claim that Pensco has committed tortious acts in Connecticut or that Pensco has repeatedly solicited business in Connecticut. Even assuming, arguendo, that the conclusory allegations of the third party complaint could provide a sufficient basis for the court to assume in personam jurisdiction, they are not supported by the Muro affidavit and they have been contradicted by the Anderson affidavit. The conclusory claims contained in the third party complaint do not withstand the factual allegations of the Anderson affidavit. cf. Olson v. AccessoryControls and Equipment Corp., 54 Conn. App. 506 (1999).
The third party plaintiff Muro has failed to demonstrate that the provisions of Connecticut's corporate long-arm statute, C.G.S. § 33-929, apply to the alleged conduct of Pensco in this matter. Accordingly, the court does not reach the second prong of the jurisdictional issue, i.e. whether it would comport with due process for the court to assume jurisdiction over Pensco. Because Connecticut's long arm statute does not apply to Pensco, its motion to dismiss is granted.
Bishop, J.