[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 12, 2001, the plaintiffs, Ramazan Ipek (Ramazan) and Alim Ipek (Alim), filed a five count complaint against the defendants, Huseyin Ukunc (Ukunc), Muhittin Babriyanik (Babriyanik), RTM International, Inc. (RTM), and 1224 Campbell Avenue Partnership (1224). Count one, which is directed against Ukunc, alleges that Ukunc failed to pay a promissory note, pursuant to the terms of the note. Count two alleges that Ukunc made false representations to Ramazan to induce Ramazan to enter into an agreement and that Ramazan detrimentally relied on the representations. Count three is brought against Babriyanik and alleges that Babriyanik failed to pay a promissory note pursuant to the note's terms. Count four alleges that Babriyanik made false representations to Ramazan to induce Ramazan to enter into an agreement, and Ramazan relied on these representations to his detriment. Count five alleges that Alim provided various services to RTM and 1224, but has not been paid for those services. CT Page 7960
On January 18, 2002, Ukunc, Babriyanik and RTM filed a motion to dismiss, each moving to dismiss the counts brought against them. The motion to dismiss was accompanied by a memorandum of law. Also on January 18, 2002, Ukunc, Babriyanik and RTM filed a motion to strike, each moving to strike the counts brought against them. This motion was also accompanied by a memorandum in support. On February 19, 2002, the plaintiffs filed memoranda in opposition to the motion to dismiss and the motion to strike.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985).
"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss . . . (Citations omitted; internal quotation marks omitted.) Kimv. Magnotta, 249 Conn. 94, 101-102, 733 A.2d 809 (1999). See also Practice Book §§ 10-30 and 10-31. "[A]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . ." Pitchell v. Hartford,247 Conn. 422, 432, 722 A.2d 797 (1999). See Practice Book § 10-30.
 Counts One and Two As to Ukunc
Ukunc moves to dismiss counts one and two on the ground that he is not, and at the time of the institution of this action was not, a resident of Connecticut and was not properly served with process. Ukunc also moves to dismiss counts one and two because he asserts that the promissory note does not have an acceleration clause. Ukunc argues that both the complaint and the note identify him as an out-of-state resident. In opposition, the plaintiffs argue that service was lawful and proper, and that Ukunc submitted to the jurisdiction of the court "to the extent that Ukunc was present and heard by the Court on January 2, 2002." A review of the file reveals that January 2, 2002 is the date on which a prejudgment remedy hearing was held. CT Page 7961
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process." (Internal quotation marks omitted.) Matto v.Dermatopathology Associates of New York, 55 Conn. App. 592, 599-600,739 A.2d 1284 (1999).
The plaintiffs allege that, at the time of the commencement of this action, Ukunc was a resident of Brooklyn, New York. General Statutes § 52-59b, the long-arm statute, therefore, governs the court's jurisdiction over Ukunc. Section 52-59b provides in pertinent part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or over the executor or administrator of such nonresident individual or foreign partnership, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character airing from the act; (3) commits a tortious act outside the state causing injury to person or property within the state . . . (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451. . . ."
Here, it is unclear from the complaint whether, pursuant to General Statutes § 52-59b, Ukunc had sufficient contacts with the state to justify the court's exercise of personal jurisdiction. A determination of this fact is necessary before the court can rule on the motion to dismiss counts one and two. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard TallowCorp. v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). Before the court can rule on the motion to dismiss counts one and two, a Standard Tallow
hearing should be held. Matto v. Dermatopathology Associates of NewYork, supra, 55 Conn. App. 593-96.
 Counts Three and Four As to Babriyanik
Babriyanik moves to dismiss counts three and four on the ground that he is not a party to the note upon which the plaintiffs now seek payment. Babriyanik argues that because the signatory line of the note does not identify him as an obligor, he does not owe the plaintiffs a duty to pay. In opposition, the plaintiffs argue that Alim provided services to CT Page 7962 all the defendants, including Babriyanik, and the court has jurisdiction over Babriyanik because he benefitted from and was unjustly enriched by these services. Babriyanik's assertion that he is not a party to the note is not a proper ground for a motion to dismiss. Zizka v. Water PollutionControl Authority, supra, 195 Conn. 687. The motion to dismiss counts three and four should be denied.
 Count Five As to RTM
RTM moves to dismiss count five on the ground that it is not, and at the time of the institution of this action was not, a Connecticut corporation and was not properly served with process. RTM also moves to dismiss count five on the ground that it is not a party to the note. RTM argues that a search of the secretary of state's database would have revealed the fact that RTM is a foreign corporation. RTM further argues that count five should be dismissed because the signatory line of the note does not identify RTM as an obligor under the note. In opposition, the plaintiffs argue that the court has jurisdiction over RTM because its representatives "were present to the extent that they were all present at the court on January 2, 2002."
"The jurisdiction of the trial court is limited to those parties expressly named in the action coming before it . . . . One who is not served with process does not have the status of a party to the proceeding . . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.)Exley v. Connecticut Yankee Greyhound Racing, Inc., 59 Conn. App. 224,234-35, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000) A review of the officer's return reveals that RTM was not served with process. Since the court lacks jurisdiction over RTM, the motion to dismiss count five as to RTM only should be granted.
 CONCLUSION
For the foregoing reasons, the motion to dismiss counts one and two cannot be decided at this time because an issue of fact exists and therefore, a Standard Tallow hearing should be held. The motion to dismiss counts three and four is denied, and the motion to dismiss count five solely as to RTM is granted.
Finally, the motion to strike cannot be ruled upon until the motion to dismiss is resolved in its entirety.
The Court
By ____________________ Holden, J. CT Page 7963