[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed this action pursuant to the Connecticut Products Liability Act, Connecticut General Statutes § 52-572m, et seq., based on the alleged failure of a fuel system in a 1993 BMW, which was allegedly leased to the plaintiff's decedents by the defendant in Lebanon, New Jersey. The defendant, MHZ has moved to dismiss the complaint on the grounds that the court lacks in personam jurisdiction. MHZ claims that it is not a Connecticut corporation and that the allegations of the complaint form an insufficient basis for a finding that MHZ has conducted business in Connecticut. Therefore, MHZ asserts, it is not subject to the court's jurisdiction.
A motion to dismiss is the proper vehicle to attack the court's in personam jurisdiction. Practice Book § 10-31. "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process." (Internal citations omitted) Matto v. Dermatopathology, Associates of NewYork, 55 Conn. App. 592, 599 (1999). In this matter, there is no dispute that MHZ is a foreign corporation. Connecticut General Statutes § 3929, pertaining to service of process on a foreign corporation, states in pertinent part:
 "(f) Every foreign corporation shall be subject to suit in this state . . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state CT Page 11756 by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in the state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Olson v. Accessory Controls Equipment Corp.,54 Conn. App. 506 (1999), 515. In considering a motion to dismiss, it is proper for the court to consider not only the pleadings but supporting affidavits as well. Id.; P.B. § 1010.
In support of its motion to dismiss, MHZ has submitted an affidavit by Johann Ziereis, the former principal of MHZ. In his affidavit, Ziereis states that MHZ was a New Jersey corporation with a principal place of business in New Jersey and that MHZ has neither offices nor employees in Connecticut. His affidavit further states that MHZ does not advertise or solicit business in Connecticut. These assertions are not disputed by the plaintiff.
In response to MHZ's motion, the plaintiff claims that the jurisdictional requirements of C.G.S. § 33-929 (f) have been met because MHZ could have reasonably anticipated that the cars they leased would be used in the state of Connecticut and that MHZ engaged in tortious conduct in the state of Connecticut. Additionally, the plaintiff claims that MHZ did have sufficient contact with the state of Connecticut in that the plaintiff's decedents continued to have their car serviced by the defendant after they moved to Connecticut. In support of her claims, the plaintiff submitted an affidavit in which she asserts that on October 9, 1997, MHZ sent an invoice to the Connecticut home of the plaintiff's decedents for repairs made to their vehicle. Although the invoice does contain the Connecticut address, the invoice actually indicated that the vehicle was brought to MHZ in New Jersey for repair, that the customer waited while the repairs were made and that cash was paid for the CT Page 11757 repairs. When the court heard argument on this motion, the plaintiff provided invoices of three other dates in 1996 on which the plaintiff's decedents brought their vehicle to New Jersey to have it serviced by the defendant.
In order to form a basis for personal jurisdiction, there must be some connection between MHZ's alleged acts in Connecticut and the underlying claims of the case. cf. Lombard Bros. v. General Asset Management Co.,190 Conn. 245 (1983). Neither the complaint's conclusory statements nor the documents submitted in opposition to MHZ's motion to dismiss support the plaintiff's claim that MHZ has committed tortious acts in Connecticut or that MHZ could reasonably foreseen that the car leased to the plaintiff's decedents would have been used in Connecticut as the plaintiff's decedents resided in New Jersey at the time of the lease. The fact that they later moved to Connecticut and registered the vehicle in Connecticut is not sufficient to subject the New Jersey corporation to Connecticut jurisdiction. There is no claim that the vehicle was sold, distributed or manufactured by MHZ in any state other than New Jersey. Accordingly, any tortious conduct committed by the defendant would have taken place in New Jersey. As the plaintiff has made no allegation that MHZ transacts any business in Connecticut, there is no basis to subject the defendant to the jurisdiction of this court. see Melillo v. MonarchWine, 29 Conn. Sup. 172, 179 (1971). Transacting business in one state fails to create an inference that one intends, thereby, to transact business in a neighboring state. Id.
The plaintiff has failed to demonstrate that the provisions of Connecticut's corporate long-arm statute, C.G.S. § 33-929, apply to the alleged conduct of MHZ in this matter. Accordingly, the court does not reach the question of whether it would comport with due process for the court to assume jurisdiction over MHZ. Because Connecticut's long arm statute does not apply to MHZ, its motion to dismiss is granted.
 ___________________ SFERRAZZA, J.
CT Page 11758