[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Milford Power Company, LLC (Milford Power) brought this action against ABB Ltd., ABB Asea Brown Boveri Ltd. ("ABB Asea"), ABB Power Generation, Inc. ("PGP"), and ABB Alstom Power ("ALSTOM"), among others, for fraud, negligent misrepresentation and violation of the Connecticut Unfair Trade Practices Act in promoting the ABB Power Plant Technology and inducing Milford Power to enter into a $235 million engineer, procure, and construct contract with ALSTOM and defendant Black Veatch Construction, Inc. for the construction of a power plant in Milford, Connecticut ("the Milford Project"). Milford Power claims that its losses result directly from its reliance on false representations of ABB Ltd., ABB Asea and ALSTOM that the ABB Power Plant Technology was proven technology.
The defendants ABB Ltd. and ABB Asea have moved to dismiss the complaint on the basis that its allegations are insufficient to bring these defendants before the court and because these defendants are not subject to personal jurisdiction in Connecticut as a matter of law.
A motion to dismiss is the proper vehicle to attack the court's inpersonam jurisdiction. Practice Book § 10-31. "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state longarm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process." (Internal citations omitted.) Matto v. Dermatopathology Associates of NewYork, 55 Conn. App. 592, 599 (1999). Specifically, the exercise of that jurisdiction under the circumstances presented must not exceed constitutional due process limitations, which require that the defendant have "minimum contacts" with the state sufficient that it would reasonably anticipate being haled into court there. Fuehrer v.CT Page 4022Owens-Corning Fiberglass Corp., 673 F. Sup. 1150, 1153 (D.Conn. 1986).
In considering a motion to dismiss, it is proper for the court to consider not only the pleadings but supporting affidavits as well. P.B. § 10-30. When a motion to dismiss for lack of personal jurisdiction raises a factual question that cannot be decided on the face of the record, the burden of proof is on the plaintiffs to present evidence which will establish jurisdiction. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 54, 459 A.2d 503 (1983). The court held a three-day evidentiary hearing on this motion.
In support of its motion to dismiss, the defendants assert that they are mere holding companies located in Zurich, Switzerland and that they do not engage in any business, except for the receipt of revenues solely through dividends. They maintain that they do not have any customers or clients, that they do not sell products or services, that they have no employees in Connecticut, that they do not solicit business in Connecticut, have not committed any tortious acts in Connecticut, and do not participate in the day-to-day operations of its subsidiaries.
In response to the defendants' motion, Milford Power's argument in support of jurisdiction is three-fold: (1) that ABB Asea's actions are sufficient to confer jurisdiction; (2) that Alstom acted as ABB Asea's agent and that, therefore, the court should exercise jurisdiction over ABB Asea based on the actions of Alstom; and (3) ABB Asea treated Alstom as its alter ego or instrumentality and, therefore, the corporate veil between the two entities should be pierced.
In this matter, there is no dispute that ABB Ltd. and ABB Asea are foreign corporations. Connecticut General Statutes § 33-929, pertaining to service of process on a foreign corporation, states in pertinent part:
(f) Every foreign corporation shall be subject to suit in this state . . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in the state and are so used or consumed, regardless of how or where the goods were produced, CT Page 4023 manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
"It is important to describe the general analytic framework within which § 33-929 (f) operates. Unlike § 33-929 (e), this subsection confers jurisdiction over designated causes of action without regard to whether a foreign corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state. We read this language as requiring inquiry not only into the various elements of the plaintiff's cause of action, spelled out in the various subparts of subsection (f), but also into the totality of contacts which the defendant may have with the forum." Lombard Bros., Inc. v. General AssetManagement Co., 190 Conn. 245, 253-54 (1983).
ABB Ltd. was formed in Zurich, Switzerland on March 5, 1999, and only became active as a company on June 28, 1999, when through a corporate reorganization it became the ultimate parent and holding company for the ABB companies. The gravamen of the plaintiff's allegations against ABB Ltd. concern actions taken to procure the Milford Project. Since ABB Ltd. did not even exist on the date the contract was formed and, therefore, could not have played a role in the alleged misrepresentations claimed by the plaintiff, the motion to dismiss is granted as to this entity.
ABB Asea is a Swiss corporation with its principal place of business in Zurich, Switzerland. It was formed in 1988 as a holding company for the group of ABB companies following the merger of Asea AB, a Swedish company, and BBC Brown Boveri Ltd., a Swiss company.
Milford Power asserts that ABB Asea promoted its technology through the distribution of promotional materials and through representations made to Ken Roberts, Chief Operating Officer of Power Development Corporation, at technical presentations in Baden, Switzerland and Newport, Rhode Island, by representatives of various ABB groups, including ABB Asea. Specifically, in May of 1996, Roberts was invited to Switzerland for a technical presentation on the improvements to the GT24 combined cycle unit, to assure Milford not only that improvements had been made, but that there would not be any adverse impact on reliability. There was at least one representative from Zurich present at this presentation. Roberts was also invited to Newport, Rhode Island for presentations on turbine technology where there were also representatives from Zurich present. Even though representatives from ABB Asea did not come to CT Page 4024 Connecticut to solicit the plaintiff's business, the Connecticut Supreme Court has held that a plaintiff need not show that the defendant solicited his or her business in Connecticut. Thomason v. Chemical Bank,234 Conn. 281, 296 (1995). The plaintiff need only demonstrate that the defendant could have reasonably anticipated being haled into court here. It is undisputed that it was always intended, and known, that the Milford Project would be in Connecticut. When Roberts was invited to Switzerland and Rhode Island for technical presentations intended to promote ABB technology, and ABB Asea representatives were present, it may be inferred that they were endorsing these representations and that, in doing so, intended to let Roberts know that the full support of the entire ABB Group was behind this technology.
"A state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist `minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson,444 U.S. 286, 291 (1980). "Under § 33-929 (f), consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazerv. McGowan, 198 Conn. 243, 249 (1986). As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. McGee v. International Life Insurance Co.,355 U.S. 220, 223 (1957).
Examining the totality of the conduct of ABB Asea, in addition to the conduct noted above, ABB Asea injected itself into a regulatory proceeding with the Connecticut Department of Environmental Protection (DEP). It is undisputed that on January 18, 1999, Alexis Fries, then an CT Page 4025 employee and Executive Vice President of ABB Asea, wrote to the Connecticut DEP explaining that a certain anti-pollution technology would not be implemented in the Milford Plant. This was done in order to prevent the DEP from ordering the implementation of that particular technology, which would likely delay the Milford Project. By intervening in the Connecticut regulatory proceeding and making representations regarding the technological propriety of the implementation of a particular anti-pollution system, ABB Asea had a great impact on the advancement of the project. Given this circumstance, in addition to the strong efforts to procure the Milford Project, it is difficult to conceive that ABB Asea could not have reasonably foreseen being haled into court in Connecticut.
Accordingly, the motion to dismiss as to ABB Asea is denied.
Sferrazza, J. CT Page 4026