JAY WALSHON *v.* BALLON STOLL BADER AND NADLER, P.C., ET AL.
(AC 30216)

DiPentima, Robinson and Mihalakos, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 2, 2009—officially released May 25, 2010

*Thomas P. Willcutts,* for the appellant (plaintiff).

*John R. Harness,* for the appellee (named defendant).

*Opinion*

ROBINSON, J. The plaintiff, Jay Walshon, appeals from the judgment of the trial court rendered in favor of the defendant Ballon Stoll Bader & Nadler, P.C.[1] The plaintiff claims on appeal that the court improperly granted the defendant's motion to dismiss for lack of personal jurisdiction. Specifically, the plaintiff argues that the court improperly (1) failed to order an evidentiary hearing on the defendant's motion to dismiss, (2) found that the defendant had not transacted business within the state as required by General Statutes § 52-59b (a) (1) and (3) found that the defendant had not established the minimum contacts with Connecticut required by due process to justify personal jurisdiction

---

[1] Winget, Spadafora & Schwartzberg, LLP, also was a defendant in this action but is not a party to this appeal. We therefore refer in this opinion to Ballon Stoll Bader & Nadler, P.C., as the defendant.

over the defendant. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural background are necessary for our resolution of the plaintiff's appeal. The defendant is a New York professional corporation engaged in the practice of law, with its principal office in New York, New York. The defendant also has affiliate offices in Hackensack, New Jersey; Philadelphia, Pennsylvania; and Moscow, Russia. The plaintiff, a Connecticut resident, retained the defendant to represent him in a securities fee claim initiated by Fiserv Correspondent Services, Inc. (Fiserv), a Colorado securities trading company, against the plaintiff for breach of margin and customer agreements associated with a sale of stock.[2] The defendant sent a letter of retention dated May 30, 2000, to the plaintiff in Connecticut. The plaintiff altered a portion of the document regarding conflict of interests and sent the letter back to the defendant in New York, where the defendant ultimately signed the contract. The defendant made the venue choice to arbitrate the Fiserv matter before the National Association of Securities Dealers in New York. The National Association of Securities Dealers scheduled the hearing to commence on May 20, 2002. Neither the defendant nor the plaintiff was present at the hearing. A default award and judgment in the amount of $84,920.60 was entered against the plaintiff.[3]

---

[2] The underlying litigation also involved Interface Systems, Inc., a Michigan corporation that sold its stock to the plaintiff through the business transaction involving Fiserv.

[3] The defendant also filed three separate actions, one including Walshon as a plaintiff, as part of its representation of the plaintiff. Those actions alleged violations of federal securities laws, fraud and other common-law torts against Robert A. Nero, Interface Systems, Inc., and "John Doe" in the United States District Court for the Southern District of New York. The court denied the motion to dismiss, filed by the defendants in that consolidated action, for improper venue but granted their motion to transfer the actions to the Eastern District of Michigan.

On February 3, 2006, the plaintiff filed an action alleging breach of contract against the defendant. On March 15, 2006, the defendant moved to dismiss the action for lack of personal jurisdiction. On May 23, 2008, the court granted the motion to dismiss and filed a memorandum of decision. The court concluded that the defendant had no substantial contact with Connecticut.[4] The court found that because the defendant was hired to practice law in New York, did not meet with the plaintiff in Connecticut, accepted the retainer contract in New York, had no personnel, offices or assets in Connecticut and did not advertise in Connecticut, it was not subject to the jurisdiction of the court.[5] On May 23, 2008, the court rendered judgment on the defendant's motion, dismissing the plaintiff's action. This appeal followed.

On appeal, the plaintiff first argues that the court should have ordered an evidentiary hearing with respect

[4] "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) *Matto* v. *Dermatopathology Associates of New York*, 55 Conn. App. 592, 599–600, 739 A.2d 1284 (1999). In the court's memorandum of decision it recites the relevant subsection of Connecticut's long arm statute, § 52-59b (a) (1), which confers personal jurisdiction. From the decision's discussion section, however, it is unclear whether the court decided that the defendant did not meet the statutory or the due process requirements for personal jurisdiction. Because we have plenary review over the appeal, we will analyze the plaintiff's claim that both the requirements of our long arm statute and the federal constitution were satisfied by the defendant's contact with the state. See *Ryan* v. *Cerullo*, 282 Conn. 109, 118, 918 A.2d 867 (2007).

[5] On June 12, 2008, the plaintiff moved the court to reargue and to reconsider the court's granting of the defendant's motion to dismiss. The court granted the motion for reargument and reconsideration but after hearing further argument ruled that the decision as previously ordered still stood. The court then denied the plaintiff's June 12, 2008 motion for articulation. No motion for review was filed with this court.

to the defendant's motion to dismiss. Further, the plaintiff challenges the determination of the court that the transactions from which this cause of action arose did not constitute "transact[ing] any business within the state" on the part of the defendant. General Statutes § 52-59b (a) (1). The plaintiff argues that because the defendant was representing multiple Connecticut clients and the securities matter for which the plaintiff hired the defendant to represent him was governed by Connecticut law, the defendant transacted business within the state. The plaintiff also asserts that the defendant should not have anticipated litigating the case in New York because, as decided by the federal court in New York, venue was transferred to the Eastern District of Michigan. See footnote 3 of this opinion. Additionally, the plaintiff argues that the defendant had "minimum contacts" with the forum state, as required by due process for our courts to have personal jurisdiction. The plaintiff attempts to bolster this argument with such factors as the minimal burden on the defendant to litigate in Connecticut, Connecticut's interest in the case and the judicial economy in keeping the plaintiff's claim against codefendants within the same trial and social policy. We reject the plaintiff's claims.

"[W]e note, preliminarily, that [i]n ruling [on] whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Furthermore, [i]f a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." (Citation omitted; internal quotation marks omitted.) *Ryan* v. *Cerullo*, 282 Conn. 109, 117–18, 918 A.2d 867 (2007).

"In view of the dual roles of a motion to dismiss—that is, as a motion to erase and as a plea in abatement—this court has previously considered the undisputed factual allegations in the complaint as well as the undisputed factual allegations in the various affidavits when adjudicating the motion where no evidentiary hearing has been held." *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 608, 674 A.2d 426 (1996). Because an evidentiary hearing was not requested in this case by either party, the trial court properly accepted all undisputed factual allegations for the purpose of determining whether the plaintiff sustained his burden of proving that the court had personal jurisdiction over the defendant under the long arm statute. See id. Because it is the plaintiff's burden both to request an evidentiary hearing and to present evidence that establishes disputed factual allegations in support of an evidentiary hearing, and the plaintiff failed to do either, the court properly decided the motion on the basis of the pleadings and affidavits.

We now proceed with our analysis of the plaintiff's claim that the court improperly found that the defendant was not subject to personal jurisdiction in Connecticut. We begin by setting forth the appropriate standard of review. "[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary." *Ryan* v. *Cerullo*, supra, 282 Conn. 118.

First, with respect to Connecticut's long arm statute, because "[t]he General Statutes do not define what the phrase 'transacts any business' means in the context of § 52-59b . . . we construe the term 'transacts any business' to embrace a single purposeful business transaction." (Citations omitted.) *Zartolas* v. *Nisenfeld*, 184 Conn. 471, 474, 440 A.2d 179 (1981). In that case, the court concluded that the defendants' execution of a warranty deed in Iowa that conveyed real property in

Connecticut subjected the defendants to personal jurisdiction in Connecticut. Id., 472, 478. "In determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within this state we do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Id., 477.

There must be some definitive act taken by the defendant that evinces a purposeful availment of the privileges of conducting the subject activity within the forum state and that, subsequently, invokes the benefits and protections of its laws. See *Ryan* v. *Cerullo*, supra, 282 Conn. 120, citing *Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). In *Ryan*, the court found that the defendants, a New York accountant and associated accounting firm, had not transacted any business in Connecticut because the nexus between the defendants' activities and the state was too attenuated. Id., 121. The court based its decision on the following factors: the defendants derived only minimal income from Connecticut, did not solicit business in Connecticut, did not promote their services in Connecticut, performed their services exclusively in New York, met with the plaintiff in New York and were hired to prepare tax returns on income earned in New York. Id., 120. Further, the court concluded that even if the defendants had transacted business in Connecticut, the plaintiff's claim of negligent preparation of his New York tax returns did not arise from such activity. Id., 122–23.

The court looked to similar factors in *Rosenblit* v. *Danaher*, 206 Conn. 125, 537 A.2d 145 (1988), in which it concluded that the defendant attorney, a Massachusetts resident, was not subject to Connecticut's jurisdiction because the plaintiff's claim concerned events that mainly occurred in Massachusetts, arose out of the plaintiff's business efforts in Massachusetts and

involved a number of potential witnesses from Massachusetts. Id., 140; see also *Solano* v. *Calegari*, 108 Conn. App. 731, 738–39, 949 A.2d 1257 (no jurisdiction when conversation about loan took place in Connecticut but actual loan funds were not withdrawn from financial institution in Connecticut), cert. denied, 289 Conn. 943, 959 A.2d 1010 (2008); *Green* v. *Simmons*, 100 Conn. App. 600, 608, 919 A.2d 482 (2007) (two unanswered letters mailed to Connecticut, not including any substantive information about negotiating or litigating plaintiff's claims, not sufficient to support jurisdiction).

The present case is analogous to *Ryan* in that the defendant was retained "to practice law in New York, not Connecticut, in an arbitration proceeding before the [National Association of Securities Dealers]." Further, the defendant never met with the plaintiff in Connecticut, which is evidence of an even weaker connection with the forum state than the defendant in *Rosenblit* had, where the court declined to find jurisdiction appropriate. See *Rosenblit* v. *Danaher*, supra, 206 Conn. 138. Although the defendant knew the plaintiff, its client, resided in Connecticut, there is nothing to indicate that the defendant anticipated litigating or arbitrating in Connecticut. When considering whether a claim arose from a purposeful transaction within the forum state, we look to the facts as they occurred, not as they hypothetically could have occurred. See *Ryan* v. *Cerullo*, supra, 282 Conn. 122. It is, therefore, irrelevant that venue in the underlying litigation ultimately was transferred to Michigan by the United States District Court for the Southern District of New York because it does not change the fact that the defendant anticipated litigating in New York.[6] Additionally, the

[6] It should also be noted that the federal court did not find venue in New York improper but, rather, that venue in the Eastern District of Michigan was more appropriate because the "locus of operative events" occurred there.

defendant accepted the retainer agreement regarding the representation in New York.

Moreover, the claim arises from the defendant's alleged failure to appear, or to give notice to the plaintiff to appear, in New York at the arbitration hearing. Although the defendant agreed to represent the plaintiff, a Connecticut resident, we look to the particular transaction that gave rise to the plaintiff's claim. Irrespective of where National Association of Securities Dealers or other arbitration forums had offices, the hearing was scheduled to take place in New York. Accordingly, the defendant's alleged breach of contract occurred in New York. In the present case, therefore, the transaction giving rise to the plaintiff's claim occurred in New York.

Without any of the substantive activities associated with the representation of the plaintiff or the activities giving rise to the plaintiff's claim occurring in Connecticut, we conclude that there is no conduct that demonstrates a business transaction within the state and that the plaintiff's claim does not arise from such. Because we conclude that the statutory requirements were not met, it is not necessary for us to decide whether the exercise of jurisdiction over the defendant violated constitutional principles of due process. See *Rosenblit* v. *Danaher*, supra, 206 Conn. 142.

The judgment is affirmed.

In this opinion the other judges concurred.