******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DAELTE ST. DENIS-LIMA *v.* THOMAS J. ST. DENIS
## (AC 40675)

Alvord, Prescott and Flynn, Js.

*Syllabus*

The plaintiff, who brought a second action in this state seeking to dissolve her marriage to the defendant, appealed to this court from the judgment of the trial court granting the defendant's motion to dismiss the dissolution action. A previous action filed by the plaintiff to dissolve the parties' marriage had been dismissed by the trial court for want of subject matter jurisdiction because the plaintiff and the defendant had testified that they were residents of Brazil. Three months after the defendant filed his motion to dismiss in this second action, the parties' marriage was dissolved by a court of competent jurisdiction in Brazil, where a dissolution proceeding between the parties had been pending for more than one year. At the hearing on the defendant's motion to dismiss, the plaintiff requested an evidentiary hearing and offered to the court a purported official document, which was interlineated with writing, to support her claim that the proceedings in Brazil had been stayed and were not yet final. The court granted the plaintiff three weeks to proffer a noninterlineated copy of the document and a certified translation thereof. The trial court thereafter concluded that the certified copies of the dissolution proceedings from Brazil that the plaintiff subsequently proffered implicated the principle of comity. The court determined, inter alia, that the decree of the court in Brazil had been made final, that the plaintiff's appeal from that decree had been dismissed, that both parties had submitted themselves to the court in Brazil and had been represented by counsel throughout the proceedings, that support orders had been issued and that the parties had been awarded joint custody of their minor children. The court also determined that although the parties continued to litigate other issues in Brazil, those issues did not affect the finality of the Brazilian decree dissolving the marriage. On the plaintiff's appeal to this court, *held*:

1. The trial court did not abuse its discretion in ruling on the defendant's motion to dismiss the plaintiff's dissolution action without first holding an evidentiary hearing; the plaintiff did not establish a disputed jurisdictional fact that would have required an evidentiary hearing, as the certified and officially translated Brazilian document that she submitted to the court showed that a divorce decree had been rendered, that an order had been issued to amend the marriage registry, that there had been a decision denying interlocutory relief on appeal, that the enforcement of the decision was ordered and registered, and that a request to suspend the effect of the order had been denied.

2. The trial court's determination that there was a final judgment of dissolution in Brazil was not clearly erroneous and was supported by evidence in the record; that court reviewed documents that had been submitted by both parties, which included the Brazilian case overview submitted by the plaintiff, that established the existence of a final divorce decree in Brazil.

3. The trial court did not abuse its discretion in affording comity to the dissolution judgment that was rendered by the Brazilian court: the defendant's domicile for the applicable time frame had been litigated and determined in the plaintiff's previously dismissed dissolution action, as the defendant had averred that his residence and primary abode was in Brazil, and, therefore, because the defendant's domicile is and has been Brazil, the Brazilian judgment properly could be recognized under the principle of comity; moreover, both parties had submitted to the jurisdiction of the Brazilian court and had a fair opportunity to be heard, and basic principles of due process had been applied, and the Brazilian judgment was not contrary to the public policy of Connecticut, as support orders had been issued, and the parties had been awarded joint custody and certain parenting rights while they continued to litigate auxiliary matters.

Argued October 10, 2018—officially released June 4, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Michael E. Shay*, judge trial referee, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court; thereafter, the court, *Hon. Michael E. Shay*, judge trial referee, issued a rectification of the record. *Affirmed.*

*Brittany Bussola Paz*, for the appellant (plaintiff).

*Heather M. Brown-Olsen*, for the appellee (defendant).

*Opinion*

FLYNN, J. The plaintiff, Daelte St. Denis-Lima, appeals from the judgment of the trial court, rendered following the court's granting of the motion to dismiss that had been filed by the defendant, Thomas J. St. Denis. The plaintiff claims that (1) the court improperly denied her request for an evidentiary hearing on the issue of subject matter jurisdiction, (2) the court's finding of a final judgment of dissolution in the country of Brazil was clearly erroneous, and, alternatively (3) even if Brazil issued a final judgment of dissolution, that judgment should not be recognized under the principle of comity. We disagree with the plaintiff's claims and affirm the judgment of the court.

The following facts are relevant on appeal. The parties were married on October 20, 2004, in Lenox, Massachusetts. They are parents of two minor children. A previous action for dissolution of marriage had been filed by the plaintiff in the judicial district of Fairfield, which was dismissed by the court on May 19, 2015, for want of subject matter jurisdiction because both the plaintiff and the defendant had testified that they were residents of Brazil; thus, neither party then satisfied the residency requirement of General Statutes § 46b-44 (a)[1] sufficient to confer jurisdiction on the Connecticut Superior Court. See *St. Denis-Lima* v. *St. Denis*, Docket No. FA-14-4048088, 2015 LEXIS 1174 (Conn. Super. May 19, 2015). The plaintiff commenced the operative dissolution of marriage action on December 30, 2015, claiming that "[o]ne of the parties to the marriage has been a resident of the state of Connecticut for at least twelve months next preceding the date of the filing of the complaint or next [preceding] the date of the decree, or one of the parties was domiciled in this state at the time of the marriage and returned to [this] state with the intention of permanently remaining before the filing of the complaint." On February 16, 2016, the defendant filed a motion to dismiss the plaintiff's dissolution action on six grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; and (6) comity law precluding the action in Connecticut.

On May 16, 2016, while the defendant's motion to dismiss was pending in the present case, the marriage of the parties was dissolved by a decree of divorce entered by a court of competent jurisdiction in Brazil, as a prior dissolution proceeding had been pending there since February, 2015. This decree was registered in Brazil as a final decree on July 6, 2016. On April 10, 2017, the defendant in this case, Thomas J. St. Denis,[2] registered with the court[3] a copy of that same final decree from Brazil. The registered decree contained a decision issued by a Brazilian court on May 16, 2016, which concludes with a decree that "the divorce of the

couple Thomas Joseph St. Denis and Daelte Lima St. Denis so it reach its full legal effects." A status conference was held before the court on March 6, 2017, in which the plaintiff and her trial counsel, Attorney Allen A. Currier, were present. At the status conference, the plaintiff's counsel acknowledged that the defendant's counsel had filed affidavits stating that the parties' marriage already had been dissolved by a decree in Brazil. Despite not filing a counteraffidavit, the plaintiff's counsel, nevertheless, represented to the court that the conclusions in the affidavit were in dispute. Neither party requested an evidentiary hearing at that time.

On April 21, 2017, the court heard oral argument on the defendant's motion to dismiss, but it declined the plaintiff's request for an evidentiary hearing made on that day, wherein the plaintiff intended to proffer an expert witness, the plaintiff's lawyer in the Brazilian dissolution proceedings, who would contest the validity of the documents submitted by the defendant and claim that the parties already were divorced in Brazil. The following colloquy occurred on April 21, 2017, between the court and the plaintiff's counsel regarding his request for an evidentiary hearing:

"The Court: . . . I mean, this is obviously a late disclosure of what would purport to be an expert witness.

"[The Plaintiff's Counsel]: Yes, Your Honor, I—I received this document a week ago. And I knew I had to—I understood—I reviewed it myself, I—I found serious problems with it. And so we—

"The Court: Well, I don't know what you're alluding to.

"[The Plaintiff's Counsel]: Well, that there isn't really a final judgment in Brazil. And that—that two different actions down in Brazil are being taken together. There is no divorce decree, then—in Brazil . . . . And I can—I can offer evidence of that with testimony from a lawyer in Brazil that we brought up here who is the lawyer in that case, part of the firm in that case. And in order for the court to extend comity, there are a couple of things that must occur—

"The Court: Well, wait a minute, let's—let's—just—everybody, let's—first of all, the lawyer—a lawyer in the case is not an unbiased witness. An expert is a person who is—brought into the case to inform the court on—on issues that are beyond the normal experience of the court . . . not a person who . . . represents one of the parties. . . .

"[The Plaintiff's Counsel]: Your Honor, that may be so, but within this—this short period of time this was FedExed to me less than a week ago. Within that short period of time that I had to react, we—we didn't, first of all, know until a—a day ago we'd be able to bring somebody up from Brazil. And somebody who was knowledgeable with the documents. . . .

"The Court: Well, wait a minute, [counsel], correct me if I'm wrong, but you know, I've—I have a copy that—that I—that had been sitting in my office. I have a copy that's been sitting on my—on my file cabinet since February 15th of 2016, which is the motion to dismiss. So, it strikes me as a little bit disingenuous, I guess to use a more mellifluous phrase, that—that you suddenly—this is suddenly going to be an issue. The—the nub of this issue is, is there a valid legal process that the parties have submitted themselves to in Brazil. . . . [T]he question of whether or not this court is going to entertain an action to dissolve a marriage that may or may not have been already dissolved, then, that's . . . the fundamental issue. . . . And that's been on the . . . table, you know, certainly before I got involved in this. And . . . as I said, we're now, in April of 2017, and this has been on my . . . file cabinet . . . for well over a year. So, that . . . just doesn't wash. . . . So, this—the issue has always been, you know, what's going on in Brazil. And was—was there, you know, a valid decree."

After this colloquy, the plaintiff's counsel offered to the court a document to support the proposition that the proceedings in Brazil had been stayed and were not yet final. The defendant's counsel objected to the introduction of this document because the purported official document was interlineated with writing. The court acknowledged that this document went to the weight of the evidence and granted the plaintiff three weeks to proffer a noninterlineated copy of the document and a certified translation. Additionally, the court afforded the defendant one month to submit evidence responding to that document.

Thereafter, on June 13, 2017, the court granted the defendant's motion to dismiss, concluding that the certified copies of the dissolution proceedings from Brazil by and between the parties implicated the principle of comity. Furthermore, the court noted that (1) the evidence submitted supported the finding that the marriage of the parties was dissolved by a decree of the court in Brazil on May 16, 2016, and that the decree was made final by an order of the court by way of the registration of the decree on July 6, 2016; (2) the plaintiff's appeal from the decree was dismissed; (3) both parties submitted themselves to the court in Brazil and were represented by counsel throughout the proceedings; (4) as part of the decree, the parties were awarded joint custody and certain parenting rights, and support orders were issued; and (5) although the parties continue to litigate, inter alia, alimony, property, custody, and visitation issues in Brazil, those issues did not affect the finality of the Brazilian decree dissolving the marriage. This appeal followed.

I

The plaintiff first claims that the court improperly denied her an opportunity for an evidentiary hearing regarding the existence of a final judgment of dissolution in Brazil.[4] She argues that the defendant did not move to dismiss the present case on the ground that the marriage had been dissolved until April 20, 2017,[5] and, therefore, she was not afforded adequate time to respond to this issue. The defendant argues that the court did not err in denying the plaintiff's last minute proffer of an undisclosed expert witness. The defendant asserts that the plaintiff had ample notice from the time she acknowledged the existence of the affidavits of foreign judgment at the March 6, 2017 status conference to request an evidentiary hearing. We are not persuaded by the plaintiff's argument.

We begin by setting forth the standard of review and applicable law. The central question in this case is whether the court properly denied the plaintiff's request for an evidentiary hearing on the issue of the Brazilian divorce decree. We review the denial of a request for an evidentiary hearing under the abuse of discretion standard. *State* v. *Barnwell*, 102 Conn. App. 255, 263, 925 A.2d 1106 (2007); see also *Cohen* v. *Roll-A-Cover, LLC*, 131 Conn. App. 443, 461 n.22, 27 A.3d 1, cert. denied, 303 Conn. 915, 33 A.3d 739 (2011). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds." (Citation omitted; internal quotation marks omitted.) *Rivera* v. *St. Francis Hospital & Medical Center*, 55 Conn. App. 460, 463–64, 738 A.2d 1151 (1999).

The plaintiff, in her reply brief, raises the argument that, because there are jurisdictional facts in dispute in this case, an evidentiary hearing was necessary even if not requested. The plaintiff cites *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 977 A.2d 636 (2009), in which our Supreme Court held that "where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Internal quotation marks omitted.) Id., 348. We agree with the plaintiff's legal premise. Nevertheless, we disagree that there is, in fact, an actual dispute regarding a fact necessary to determine jurisdiction.

The threshold jurisdictional question in this case is

whether a final divorce decree, issued in Brazil, dissolving the marriage of the parties, existed prior to the April 21, 2017 hearing. This inquiry implicates the issue of subject matter jurisdiction, because "there can be no divorce where there is no existing marital relation . . . ." *Gildersleeve* v. *Gildersleeve*, 88 Conn. 689, 691, 92 A. 684 (1914). The hearing on the defendant's motion to dismiss on April 21, 2017, addressed this precise issue. The court afforded the plaintiff three weeks to proffer evidence to show that there was no final dissolution judgment in Brazil. The plaintiff appears to have submitted a certified and officially translated Brazilian document that provides an overview of the case file from the Brazilian dissolution proceedings.[6] The plaintiff claims that because the document concludes with the sentence "[p]roceedings stayed while a decision is made on the separate record," she had established that no final divorce decree was issued in Brazil. This is misleading. The bulk of the language in the document offered by the plaintiff establishes that a final decree had been rendered on May 16, 2016, and that it was given full effect.

The relevant portion of the document reads: "The case file contains a decision issued on May 16, 2016, on pp. 197/200, whereby the divorce is decreed and an order is issued to amend the marriage registry once the judgment becomes final. Further, defendant was given the opportunity to see the record and the challenge to the answer, and service of process upon the parties was ordered for them to specify which evidence they intended to produce, under penalty of summary judgment. Lastly, after the term for submitting answer expired, the judge ordered the prosecution office to be heard. An interlocutory appeal was filed, as per document on pp. 214/240. The decision denying relief on the interlocutory appeal can be found on pp. 242–247. On p. 248 the enforcement of the decision on pp. 197/200 was ordered, since the interlocutory relief on the interlocutory appeal was denied. The order to amend the marriage registry was issued and can be found on p. 276, along with the notice of registration of judgment on p. 277. On p. 281, a stay of the action was ordered by the filing of the petition and documents on pp. 249/261, and personal service of process upon the plaintiff was ordered, for the plaintiff to appoint new counsel, under the penalty of dismissal of the case. The request to suspend the effect of the order on pp. 197/200 was denied. The interlocutory appeal was rejected, as per report of the case, opinion and conclusion of pp. 288/304. An order to enforce the 2nd paragraph of the decision on p. 281 is found on p. 305, decision enforced on p. 306. Current status: waiting for the order to be returned, proceedings stayed while a decision is made on the separate record."

Under *Walshon* v. *Ballon Stoll Bader & Nadler, P.C.*, 121 Conn. App. 366, 371, 996 A.2d 1195 (2010), "it is

the plaintiff's burden both to request an evidentiary hearing and to present evidence that establishes disputed factual allegations in support of an evidentiary hearing, and [if] the plaintiff failed to do either, the court [may] properly [decide] the motion on the basis of the pleadings and affidavits." The plaintiff has failed to carry this burden in the present case.

In the present case, the plaintiff made a request for an evidentiary hearing at the hearing on the defendant's motion to dismiss. Although the court denied the request as untimely, it afforded the plaintiff three weeks to present countervailing evidence to establish a disputed jurisdictional fact. The plaintiff submitted the aforementioned Brazilian document, which was considered by the court. The document offered by the plaintiff, when read in its totality, shows (1) that the divorce was decreed on May 16, 2016; (2) an order was issued to amend the marriage registry once the judgment became final; (3) an appeal was filed and there was a decision denying interlocutory relief on appeal; (4) the enforcement of the decision was ordered and registered; (5) the order to amend the marriage registry was issued; and (6) the request to suspend the effect of the order was denied. Although separate proceedings may remain open to determine tangential matters, there is no genuine dispute that a judgment of dissolution was rendered in Brazil and given full effect. An order was issued to amend the marriage registry once the judgment became final. The order to amend the marriage registry was issued. Therefore, the plaintiff has not established a disputed jurisdictional fact that would have required an evidentiary hearing. Accordingly, we conclude the court did not abuse its discretion in ruling on the motion to dismiss without first holding an evidentiary hearing.

II

The plaintiff next claims that, on the basis of the state of the record and the documents presented to the court, the court's decision that there is a final judgment of dissolution in Brazil is clearly erroneous. "Our review of the factual findings of the trial court is limited to a determination of whether they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Citation omitted; internal quotation marks omitted.) *Nichols* v. *Oxford*, 182 Conn. App. 674, 679–80, 191 A.3d 219, cert. denied, 330 Conn. 912, 193 A.3d 560 (2018).

The court's determination that there was a final judgment of dissolution rendered in Brazil was supported by evidence in the record. After the April 21, 2017 hear-

ing on the motion to dismiss, the court afforded the plaintiff three weeks to present countervailing evidence showing that Brazil had not rendered a final judgment of dissolution. In making its determination, the court reviewed memoranda of law, affidavits, exhibits, and other pleadings. As a result, the court found "[t]hat the evidence, in particular the third supplemental affidavit of [the defendant] in support of his motion to dismiss, dated June 5, 2017 (exhibit #3), together with attached exhibits, supports a finding that the marriage of the parties was dissolved by a decree of court in Brazil . . . ." The court also considered the aforementioned Brazilian case overview submitted by the plaintiff, which indicated that a divorce decree had been issued. Documents submitted by both the plaintiff and the defendant establish the existence of a final divorce decree in Brazil. The court's determination, therefore, is supported by the record, and this court is not left with a definite and firm conviction that a mistake has been committed. See *Nichols* v. *Oxford*, supra, 182 Conn. App. 679–80. Accordingly, the plaintiff has not carried her burden on appeal to show that the court's finding that a final judgment of dissolution previously had been rendered in Brazil was clearly erroneous.

### III

The plaintiff's last claim on appeal is that, even if the Brazilian court did render a final judgment of dissolution, that judgment, nonetheless, should not be recognized. The plaintiff asserts two reasons in support of this claim. First, she contends that the defendant was not a good faith domiciliary of Brazil. Second, she contends that the domestic relations laws of Brazil are significantly different from those of Connecticut, and, thus, the recognition of the judgment would be contrary to the public policy of Connecticut. We are not persuaded.

We begin our analysis with the applicable law and standard of review. "A valid divorce judgment is a judgment in rem and is binding on all the world as to the existence of a status which is the subject of the action, that is, the status of being unmarried upon the adjudication of divorce. . . . Courts of the United States [however] are not required by federal law to give full force and effect to a judgment granted in a foreign nation . . . . On the other hand, judgments of courts of foreign countries are recognized in the United States because of the comity due to the courts and judgments of one nation from another. Such recognition is granted to foreign judgments with due regard to international duty and convenience, on the one hand, and to rights of citizens of the United States and others under the protection of its laws, on the other hand. . . . There are a number of exceptions, however, to a court's application of the principle of comity, most notably, lack of jurisdiction and denial of due process of law. . . .

"With regard to whether a court has jurisdiction, [t]he traditional requisite for subject matter jurisdiction in matrimonial proceedings has been domicil[e] . . . . Regardless of its validity in the nation awarding it, the courts of this country will not generally recognize a judgment of divorce rendered by the courts of a foreign nation as valid to terminate the existence of a marriage unless, by the standards of the jurisdiction in which recognition is sought, at least one of the spouses was a good faith domiciliary in the foreign nation at the time the decree was rendered. . . .

"To constitute domicil[e], the residence at the place chosen for the domicil[e] must be actual, and to the fact of residence there must be added the intention of remaining permanently; and that place is the domicil[e] of the person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with the present intention of making it his home . . . . [T]his intention must be to make a home in fact, and not an intention to acquire a domicil[e]. . . . More-over, [a] person may have . . . only one domicil[e] at any one time. . . . [A] former domicil[e] persists until a new one is acquired . . . . Therefore proof of the acquisition of a new domicil[e] of choice is not complete without evidence of an abandonment of the old. . . . [O]ur review of a question of subject matter jurisdiction is a matter of law over which our review is plenary . . . ." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Juma* v. *Aomo*, 143 Conn. App. 51, 56–60, 68 A.3d 148 (2013).

In the present case, the defendant's domicile for the time frame of September 19, 2013 through September 18, 2014, was litigated and determined in the plaintiff's previously dismissed dissolution action. See *St. Denis-Lima* v. *St. Denis*, supra, 2015 Conn. Super. LEXIS 1174, *3–4 (noting defendant had resided in Brazil during relevant time frame and both parties were involved in domestic proceedings pending in Brazil). The defendant in his affidavit stated, "[m]y residence and primary abode is in Brazil." Because one's domicile persists until a new domicile is acquired, the defendant's domicile is and has been Brazil. Therefore, the Brazilian judgment properly may be recognized under the principle of comity.

We next address the plaintiff's argument that the Brazilian judgment of dissolution should not be recognized as a matter of public policy. The court recognized the Brazilian dissolution decree under the principle of comity. "[C]omity, in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens

or of other persons under the protection of its laws. . . . [W]here there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice . . . the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or an appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact." (Citation omitted; internal quotation marks omitted.) *Zitkene* v. *Zitkus*, 140 Conn. App. 856, 865–66, 60 A.3d 322 (2013).

This court has subjected public policy challenges to the recognition of foreign dissolution judgments to the abuse of discretion standard of review. Id., 871. The gravamen of the plaintiff's public policy argument is that Brazilian law permits dissolution judgments to be rendered without orders on alimony, property division, and child support. She argues that this is contrary to Connecticut's public policy that these matters must be addressed at the time the judgment is rendered. The plaintiff cites a series of Connecticut statutes that give the court authority to order the division of property, alimony, and child support at the time the dissolution judgment is rendered. See generally General Statutes §§ 46b-81, 46b-82 and 46b-56.

The plaintiff's argument is without merit. The plaintiff's concerns that the dissolution decree in Brazil did not issue certain orders at the time of dissolution are mitigated, if not completely removed, by the fact that support orders had been issued and the parties were awarded joint custody and certain parenting rights while the parties continue to litigate auxiliary matters. In ruling on the defendant's motion to dismiss, the court engaged in the comity analysis under *Zitkene* v. *Zitkus*, supra, 140 Conn. App. 865–66. As a result of this analysis, the court noted that recognizing the Brazilian divorce decree was proper in this case because both parties had submitted to the jurisdiction of the Brazilian court and had a fair opportunity to be heard, and the basic principles of due process were applied. Given this, we conclude that the court did not abuse its discretion in affording comity to the judgment rendered by the Brazilian court.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 46b-44 (a) provides in pertinent part that "[a] complaint for dissolution of a marriage . . . may be filed at any time after either party has established residency in this state."

Subsection (c) of § 46b-44 provides in relevant part that "[a] decree dissolving a marriage . . . may be entered if . . . [o]ne of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree . . . ."

[2] We note for clarity that Thomas J. St. Denis was the plaintiff in the

aforementioned proceedings in Brazil, but is the defendant in this Connecticut case.

³ The decree was registered with the court under Docket No. FA-17-4030378-S.

⁴ In her brief, the plaintiff cites *Mathews* v. *Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), as the proper test to determine whether an evidentiary hearing was required. *Mathews*, however, pertains to whether there is a constitutional right to an evidentiary hearing under the due process clause of the fifth amendment to the United States constitution. See, e.g., *In re Yasiel R.* 317 Conn. 773, 780–81, 120 A.3d 1188 (2015). A constitutional claim, however, was unpreserved for appellate review because the plaintiff failed to raise such a claim before the trial court. "We review unpreserved constitutional claims pursuant to [*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)], under which a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original; internal quotation marks omitted.) *Independent Party of CT—State Central* v. *Merrill*, 330 Conn. 681, 723 n.23, 200 A.3d 1118 (2019); *In re Yasiel R.*, supra, 781 (modifying *Golding*'s third prong); see also *State* v. *Elson*, 311 Conn. 726, 730, 91 A.3d 862 (2014) (overruling the requirement that a party must affirmatively request *Golding* review in its main brief in order to receive appellate review of unpreserved constitutional claims). The plaintiff's attempt to have her unpreserved constitutional claim reviewed on appeal fails on the third prong of *Golding*. This is because no constitutional violation exists. As we indicated in setting forth the underlying facts, it is clear that neither party requested an evidentiary hearing until the plaintiff's attempt to proffer a purported expert witness at the hearing on the motion to dismiss. At this point, the court allowed the plaintiff to submit evidence to establish a disputed jurisdictional fact. For the reasons set forth in part I of this opinion, this evidence did not establish a disputed jurisdictional fact, and thus the plaintiff was not entitled to an evidentiary hearing.

⁵ We note that the defendant's motion to dismiss filed February 16, 2016, included the ground of preclusion of the plaintiff's action by virtue of comity law. We also note that the marriage was dissolved on May 16, 2016, and the decree was registered with the Connecticut Superior Court on April 10, 2017.

⁶ The court in its memorandum of decision referred to this document as "exhibit #2," which was not part of the court file. On January 14, 2019, this court issued a rectification order to account for this document. The trial court complied with the rectification order on February 1, 2019. The document referred to as exhibit #2 is an English translation of what appears to be a summary of the record from the divorce proceedings in Brazil.