Simonson v. Olejniczak

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-three.

PRESENT:

> MYRNA PÉREZ,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Barbara Simonson,

*Plaintiff-Appellant,*

v.                                                                     No. 22-1219

Thomas Olejniczak, Steven J. Krueger,

*Defendants-Appellees.*[1]

_____

**FOR PLAINTIFF-APPELLANT:**          Barbara Simonson, pro se, Darien, CT.

**FOR DEFENDANTS-APPELLEES:**       Cristin E. Sheehan, Morrison Mahoney LLP, Hartford, CT.

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarah A.L. Merriam, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on May 17, 2022 is **AFFIRMED**.

This case asks us to decide whether the district court properly dismissed Appellant Barbara Simonson's ("Simonson") complaint for failure to establish personal jurisdiction over Thomas Olejniczak and Steven J. Krueger ("Defendants"), Wisconsin attorneys whom Simonson, a Connecticut resident, hired to litigate in Wisconsin probate court. Simonson's complaint alleged two state law breach of contract claims for failure to perform and failure to perform services in a manner consistent with Defendants' professional and fiduciary duties under Wisconsin law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision.

**I.      Standard of Review**

"The standard of review applicable to district court decisions regarding personal jurisdiction is clear error for factual findings and de novo for legal conclusions." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 151 (2d Cir. 2001). "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "We construe the pleadings and affidavits in the light most favorable to" the plaintiff and "resolv[e] all doubts in [the plaintiff's] favor." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

**II.     Discussion**

As an initial matter, Simonson argues that because she is no longer a practicing attorney,

2

the district court erred by refusing to extend the special solicitude given to pro se litigants. However, even giving Simonson the benefit of the liberal construction afforded to pro se litigants, *see Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022), a review of the record and relevant case law confirms she cannot establish that Defendants are subject to personal jurisdiction in Connecticut under the state's long-arm statute.

As framed by Simonson's brief, the "sole issue is whether the District Court had personal jurisdiction" over individual defendants Olejniczak and Krueger.[2]  Appellant's Br. at 5.  In ruling on a Rule 12(b)(2) motion to dismiss a complaint for lack of personal jurisdiction, a district court must "determine whether there is jurisdiction over the defendant under the relevant forum state's laws" by applying its long-arm statute. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  Once the long-arm statute is satisfied, the court must then determine whether personal jurisdiction comports with federal due process constraints. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002).

As relevant here, Connecticut's long-arm statute reaches "nonresident individual[s] . . . who in person or through an agent . . . [t]ransact[] any business within the state[.]"  Conn. Gen. Stat. § 52-59b(a)(1).  To determine "whether the . . . cause of action arose from the defendants' transaction of business within this state . . . . we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." *Zartolas v. Nisenfeld*, 184 Conn. 471, 477 (1981).  On appeal, Simonson has referred to five factors that together allegedly confer

---

[2] Accordingly, we interpret this statement to mean Simonson has abandoned her claim that the district court had personal jurisdiction over Conway, Olejniczak & Jerry, S.C., the law firm at which Defendants work.  And because Simonson also does not make any arguments on appeal based on Conn. Gen. Stat. § 52-59b(a)(5), we interpret her to be limiting her appeal to whether section 52-59b(a)(1) confers personal jurisdiction over Defendants. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (treating as waived an issue not raised by a pro se party in his appellate brief); *see also Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (concluding that, "notwithstanding the latitude we traditionally accord *pro se* litigants," the plaintiff waived his challenge to an aspect of the district court's judgment that he did not mention "in his brief on appeal except obliquely and in passing").

3

jurisdiction under section 52-59b(a)(1). These are: (1) a contract with a party that resides in Connecticut; (2) substantial assets located at all relevant times in Connecticut; (3) soliciting activities to a Connecticut resident; (4) sustained and very significant contact and collaborative substantive work with Simonson while she was in Connecticut; and (5) fees paid to the Defendants from Simonson's bank account. For the reasons discussed at length in the district court's ruling, even construing the pleadings and affidavits in the light most favorable to Simonson, our courts cannot exercise personal jurisdiction over Defendants under section 52-59b(a)(1).

Connecticut courts have repeatedly found that mere representation of a Connecticut resident, and the necessary communications and business interactions that flow from that relationship, does not establish personal jurisdiction under the state's long-arm statute. *See, e.g.*, *Ryan v. Cerullo*, 282 Conn. 109, 118–123 (2007); *Rosenblit v. Danaher,* 206 Conn. 125, 138, 140–41, 149–52 (1988); *Walshon v. Ballon Stoll Bader & Nadler, P.C.*, 121 Conn. App. 366, 370–74 (2010). Like the defendants in those cases, Defendants here did not solicit business in Connecticut and performed their services exclusively out-of-state. *Ryan*, 282 Conn. at 120–21. There is also no evidence, and Simonson did not plead, that Defendants ever traveled to Connecticut during their representation, although it is at best uncertain that Simonson would prevail even if they had. *See Rosenblit*, 206 Conn. at 138–41 (concluding that a Massachusetts attorney attending a single meeting in Connecticut was insufficient to confer personal jurisdiction). Instead, Simonson traveled to Wisconsin to attend a deposition and court sessions in connection with the actions of the Wisconsin Probate Court.

The presence of assets in Connecticut also fails to establish personal jurisdiction in this case. The cases Simonson relies on do not support finding jurisdiction. The core of this suit is Defendants' representation of Simonson in Wisconsin, based on an engagement agreement

4

containing a Wisconsin choice of law provision. Though *Zartolas* concerned property in Connecticut that the state supreme court considered in finding personal jurisdiction, the lawsuit itself revolved around a deed to that property and the warranties to that deed, which "clearly anticipate[d] litigation in Connecticut." 184 Conn. at 476–78. Similarly, *U.S. Trust Co. v. Bohart*, 197 Conn. 34, 39–40 (1985) concerned a trust that, per its terms, was to be administered through Connecticut law. The trust was at the center of the suit. In contrast, the Connecticut assets in this case are only tangentially related to Simonson's breach of contract claims.

In sum, the district court correctly determined that Simonson failed to establish personal jurisdiction over the individual defendants under Connecticut's long-arm statute.[3] Because the district court properly held that it lacked jurisdiction under Connecticut's long-arm statutes, "we do not address the issue of due process." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

We have considered Simonson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Defendants have repeatedly argued that that Simonson's breach of contract claims are actually claims for legal malpractice. Because the district court declined to recharacterize her claims—a decision with which Simonson (understandably) does not take issue—we need not decide whether the district court could have exercised jurisdiction through the Connecticut long-arm rule applicable to tort claims instead of contract claims.